UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB P. PITTS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2048-JBM |
| | ) |
| MICHAEL DOWNEY , et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, currently held at the Joliet Treatment Center, is proceeding on a claim which he originally filed in in State Court in Kankakee County, Illinois, Case Number 21-MR-32. In the complaint, Plaintiff asserted that while he was a detainee at the Jerome Combs Detention Center ("JCDC") in Kankakee, Illinois, various Defendants violated the Eighth and Fourteenth Amendments and Illinois statute 725 ILCS 5/103-1, when they subjected him to a strip search. Defendants Michael Downey, Chad Kolitwenzew, Robert Schultz, Jeremy Most, Kevin Wagner and John Doe subsequently removed the case to federal court where the complaint now undergoes merit review.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

On January 26, 2019, Plaintiff was housed in the JCDC Max C Unit, cell #1. For reasons not explained, Defendant Officers Jeremy Most, K. Wagner and John Doe ordered Plaintiff to remove his clothing within view of other detainees and a female correctional officer. Plaintiff refused to do so and was forcefully stripped of his clothing. He was thereafter strapped naked into a restraint chair where he remained for one hour. Plaintiff also claims that he was tased, battered, and "sexually assault." Plaintiff gives no details as to a sexual assault and it might well be that he is characterizing being stripped of his clothing as a sexual assault. Plaintiff alleges that the Defendants Officers acted unreasonably, without penological justification.

Plaintiff also asserts claims against Defendant Sheriff Michael Downey, Chief of Corrections Chad Kolitwenzew and Assistant Chief Robert Schultz. These are that Defendants failed to promulgate effective policies to prevent the officers' actions even though there had been prior such incidents. Plaintiff does not, however, plead as to any such prior incidents. Plaintiff also alleges that Defendants Downey, Kolitwenzew and Schultz did not investigate the matter and failed to refer it to the State's Attorney's Office for prosecution. Plaintiff does not allege, however, that he told the three individuals of this incident, or that they were otherwise aware of it. Plaintiff requests declaratory relief, compensatory and punitive damages and, additionally as to Sheriff Downey, a request for injunctive relief.

## ANALYSIS

As Plaintiff is a civil detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a detainee need only establish that defendant's conduct was objectively unreasonable.

*Id.* at 35. Plaintiff's claim is also evaluated under the Fourth Amendment which applies this same standard. "The [Fourth and Fourteenth Amendment] standards are effectively the same—namely, an objective unreasonableness inquiry. *Boddie v. Morales*, No. 19- 070, 2021 WL 1402288, at *4 (N.D. Ind. Apr. 14, 2021) citing *Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). *See also*, *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (applying objective reasonableness standard to all conditions of confinement claims by detainees).

In determining the objective reasonableness of a defendant's conduct, the courts are to consider "the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020.) In *Mays*, the Seventh Circuit found error in the trial court's "failure to defer to correctional administrators in a matter implicating safety and security concerns." *Id* at 820. "When evaluating reasonableness, …courts must afford prison administrators 'wide-ranging deference in the adoption and execution of policies and practiced that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *See id*. (quoting *Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020)). "While the Fourth Amendment provides limited protections to an inmate's right to bodily privacy, "these rights are subject to reasonable intrusions that the realities of incarceration often demand." *Henry,* 969 F.3d at 779.

Here, Plaintiff does not disclose the circumstances surrounding the strip search. This case, however, is one of 10 cases which Plaintiff filed against Sheriff Downey and various JCDC Defendants in short order. These cases allege a wide variety of claims, including that on January 26, 2019, the water supply to Plaintiff's cell was turned off in response to his purposefully causing his toilet to overflow and flood, an allegation which Plaintiff did not deny. *Pitts v. Downey*, et al., No. 19-2333 (C.D.Ill Dec. 13, 2019). As this is the same date as the alleged strip search, it appears likely that the search was conducted in response to Plaintiff's flooding his cell.

In determining whether Plaintiff has adequately pled that Defendants' conduct was unreasonable, the Court must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). Here, the Court notes that there was no visual inspection or intrusion into Plaintiff's body, as the search was limited to the removal of Plaintiff's clothing. While Plaintiff asserts that he was stripped without penological purpose, he does not otherwise identify why he was searched. He does not indicate whether it was a routine search; whether it was done in response to misconduct on his part, something which the Court suspects; or whether it was ostensibly done for another reason, or no reason at all.

As Plaintiff does not plead facts surrounding the strip search, he fails to support that it was objectively unreasonable. *See Stewardson v. Cass County*, No. 18-958, 2021 WL 878726, at *4 (N.D. Ind. Mar. 9, 2021) (stripping detainee and placing him in restraint chair is not unreasonable if detainee resists law enforcement, impedes law enforcement's ability to do its job, or risks committing suicide). *See Florence v. Bd. of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 1513–14 (2012) (finding that invasive intake strip search of detainee did not violate Fourth and Fourteenth Amendments).

Plaintiff also cites a state statute, 725 ILCS 5/103-1 Rights on Arrest, which provides at 5/103-1(e) that the strip searches of arrestees are to be "performed by persons of the same sex as the arrested person and on premises where the search cannot be observed by persons not physically conducting the search." Here, of course, Plaintiff asserts that he was strip searched in view of others. However, Plaintiff was a pretrial detainee, not an arrestee at the time alleged, and fails to establish that this statute is applicable to him. Furthermore, "the violation of a state statute simply does not create a substantive federal right." *Scruggs v. Jordan*, 485 F.3d 934, 939

(7th Cir. 2007) (citing *Colon v. Schneider,* 899 F.2d 660, 672 (7th Cir.1990)). This claim is DISMISSED.

The Court finds that Plaintiff's allegations as to the strip search are conclusory and too devoid of detail to effectively state a claim. *See Ford v. Page*, 169 F. Supp. 2d 831, 840 (2001) (internal citation omitted). "[E]ven a *pro se* litigant needs to set forth allegations concerning all material elements necessary for recovery under the relevant legal theory." He will be given an opportunity, however, to amend within 30 days.

Plaintiff additionally alleges that Defendants Downey and Kolitwenzew failed to investigate his claims against JCDC staff and refer the matter for prosecution. He does not plead, however, that either was aware of the incident so as to have been deliberately indifferent in response. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)).

Defendants, similarly, are not liable for an unconstitutional policy or practice unless they were aware, and so had an opportunity to act. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015). While Plaintiff makes a bare claim that there were prior such incidents, he plead no facts in support. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment insufficient to establish a policy), citing *Shields,* 746 F.3d at 796 (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy).

To the extent that Plaintiff requests injunctive relief against Defendant Downey it is not available to him as he is no longer held at JCDC and Defendant does not have the authority to order injunctive relief at the Joliet Treatment Center where Plaintiff is currently held.

**IT IS THEREFORE ORDERED:**

The complaint is DISMISSED with leave to file an amended complaint within 30 days. If Plaintiff repleads, the pleading is to be identified as an Amended Complaint and to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

6/8/2021  
ENTERED

s/Joe Billy McDade  
JOE BILLY MCDADE  
UNITED STATES DISTRICT JUDGE